44   729
45   695

EUGENE YOUNKIN, ADMINISTRATOR, APPELLEE, V.
HOWARD YOUNKIN, APPELLANT.

FILED APRIL 5, 1895.  No. 5600.

1. Res Adjudicata: ACCOUNTING.  Where a decree has been ren-
dered determining certain issues in a case and reserving the case
for further proceedings to carry out the first decree, as for an ac-
counting, the supplemental proceedings cannot be made the
means of relitigating any issues determined by the first decree.

2. Accounting: REVIEW.  Evidence examined, and *held* sufficient
to sustain the finding of the trial court.

APPEAL from the district court of Saline county. Heard
below before HASTINGS, J.

*F. I. Foss,* for appellant.

*Halleck F. Rose* and *M. H. Fleming, contra.*

IRVINE, C.

This action was originally commenced by Eva M. Gil-
laspie against Howard Younkin, her son, alleging that dur-

ing her son's minority she had purchased a farm in Saline
county and procured the title to be taken in the name of
the defendant for the sole purpose of preventing her second
husband, Gillaspie, from whom she was then separated,
from asserting any interest therein; that she had made im-
provements upon the farm and placed certain personal
property thereon; that she removed with her family, in-
cluding the defendant, to said farm; that the defendant re-
fused to convey the farm to her or to account to her for the
personal property thereon; that she had been compelled to
remove therefrom, leaving him in possession. She offered
to pay the reasonable value of his services upon the farm
since his majority, and prayed for a conveyance and an ac-
counting. To this petition an answer was filed placing the
material allegations in issue. There was a trial before
Morris, J., resulting in a decree finding substantially for
the plaintiff, decreeing a conveyance to her, and referring
the case for an accounting between the parties. There has
been no appeal from this decree, but subsequently thereto
the plaintiff executed a lease of the farm to the defendant
under an agreement that if on the accounting anything
should be found due from the plaintiff to the defendant,
then the rent should be applied in payment thereof. The
order of reference was afterwards set aside and an account-
ing had before Hastings, J., who found due the defendant
on account of services and for advancements made by him
$1,261.60; that there was left in the hands of the defend-
ant property of the plaintiff to the value of $969.50; that
there was due for rent $320, leaving a balance in favor of
the plaintiff of $27.90, for which judgment was entered.
Pending these supplemental proceedings the plaintiff had
died and the action was revived in the name of the admin-
istrator, who appeals from this decree.

It is claimed by the appellant that the court restricted
the accounting to too narrow a field and should have ad-
mitted certain evidence which was rejected. One question

asked the appellant was as follows: "Please tell the court
the items which you have paid out for and on behalf of
the place, either personal property or the real estate, and
then credits that you give from sales which have come from
the same." An objection to this question was sustained.
A sufficient reason for doing so is found in the fact that it
called for a statement of moneys paid for the land itself.
This issue had already been determined adversely to appel-
lant by the interlocutory decree, and was not open in the
accounting to reinvestigation. Again, certain questions were
objected to, seeking to elicit proof that two out of four
horses placed on the farm when it was first bought belonged
to appellant, he having acquired them from his father's es-
tate. The petition distinctly alleged that these four horses
belonged to the plaintiff. The answer, among other things,
alleged a subsequent agreement whereby, together with
other promises, the plaintiff was to give defendant the stock
upon the farm. The decree found against the defendant on
this issue. The decree also finds "that the farm had upon
it stock and farming machinery, the character and value of
which I do not find." There is no distinct finding that
these horses were the property of plaintiff, but if that ques-
tion were put in issue at all, which is doubtful under the
allegations we have referred to, we think that the first de-
cree, reserving the case, as it does, solely for an accounting
as to the appellant's services and impliedly of the value of
the stock and farming machinery, determined the issue in
favor of plaintiff. Where a decree has been rendered de-
termining certain issues in a case, and reserving the case for
further proceedings to carry out the first decree, as for an
accounting, the supplemental proceedings cannot be made
the means of relitigating any issues determined by the first
decree. (*Santa Maria*, 10 Wheat. [U. S.], 442; *Sibbald v.
United States*, 12 Pet. [U. S.], 491.) All the other ques-
tions argued are purely questions of fact. The evidence is
conflicting and might sustain a finding either more or less

favorable to the appellant than that contained in the decree. That finding, therefore, cannot be disturbed.

JUDGMENT AFFIRMED.